UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHILDHOOD TRAUMA EMERGENCY GROUP,<br>    Plaintiff,<br><br>    v.<br><br>CITY OF CINCINNATI, *et al.*,<br>    Defendants. | Case No. 1:23-cv-759<br><br>McFarland, J.<br>Litkovitz, M.J.<br><br><br>**ORDER AND REPORT AND RECOMMENDATION** |

This matter is before the Court on the motions to dismiss filed by defendants City of Cincinnati and Cincinnati Police Department (Doc. 8), defendant Cincinnati Public Schools (Doc. 11), and defendant Ohio Department of Education and Workforce (Doc. 14). No responses were filed to those motions. However, Ronald Hummonds moved for an extension of time (Doc. 17) and to amend the complaint (Doc. 19) to substitute himself as plaintiff for Childhood Trauma Emergency Group. Defendants City of Cincinnati and Cincinnati Police Department and defendant Ohio Department of Education and Workforce oppose Mr. Hummonds' motions (Docs. 18 and 20).

**I. Background**

Plaintiff Childhood Trauma Emergency Group initiated this action pursuant to 42 U.S.C. § 1983, alleging that zero tolerance policies in schools cause increased police interaction that disproportionately impacts African American male students in low income areas, in violation of the Fourth Amendment, the Omnibus Crime Control and Safe Streets Act of 1968, and the Civil Rights Act of 1964. (Doc. 1 at PAGEID 4-5). Plaintiff seeks an order prohibiting defendants "from using zero tolerance policies to target African American Males within the Cincinnati Public Schools," providing "funding to create a policy that does not further traumatize the

childhood victims of trauma," and funding "restorative programs to address the re-traumatization" caused by such policies. (*Id.* at PAGEID 6). No attorney signed the complaint or entered an appearance of behalf of plaintiff Childhood Trauma Emergency Group. (*Id.*).

Defendants City of Cincinnati and Cincinnati Police Department moved to dismiss plaintiff's complaint because the plaintiff organization is not represented by counsel and because the Cincinnati Police Department lacks the capacity to sue or be sued. (Doc. 8). Defendant Cincinnati Public Schools (CPS) moved to dismiss because the complaint fails to allege a policy, practice, or incident in which CPS discriminated against a person on the basis of race and because the complaint fails to establish that plaintiff has standing to sue. (Doc. 11). The Ohio Department of Education and Workforce moved to dismiss because plaintiff is not represented by counsel, the claims are not adequately pled, and the Eleventh Amendment protects states and state agencies from suit. (Doc. 14).

As plaintiff did not timely respond to defendants' motions to dismiss, the Court issued an order to show cause why the case should not be dismissed for want of prosecution. (Doc. 16). Plaintiff responded by filing a motion for an extension of time to amend its complaint (Doc. 17) and a motion to amend its complaint to substitute Ronald A. Hummonds as plaintiff (Doc. 19). Mr. Hummonds signed both motions as "Ronald A. Hummonds, Childhood Trauma Emergency Group" and "Plaintiff Pro se." (Doc. 17 at PAGEID 83; Doc. 19 at PAGEID 87) (typographical error corrected). Defendants oppose both motions on the basis that Mr. Hummonds, who is not a licensed attorney, cannot make representations or substitutions for plaintiff Childhood Trauma Emergency Group. (Docs. 18 and 20).

**II.   Plaintiff's Complaint Should be Stricken and the Claims Dismissed Without Prejudice**

Pursuant to 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." Although § 1654 permits an individual to represent his own interests in federal court, it is well settled that "a corporation cannot appear in federal court except through an attorney." *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). *See Rowland v. California Men's Colony, Unit 11 Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel.") (citing *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)). "As the courts have recognized, the rationale for that rule applies equally to all artificial entities." *Rowland*, 506 U.S. at 202. *See also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir.), *cert. denied*, 493 U.S. 868 (1989) (nonprofit corporations) and *Basaran v. Martin Data, LLC*, No. 2:21-cv-4230, 2021 WL 7908557, at *1 (S.D. Ohio Oct. 1, 2021) (limited liability companies).

"A complaint filed by an unrepresented corporation, partnership or unincorporated association is a nullity which may be stricken and the claims dismissed." *Moorish Science Temple of America v. Michigan*, No. 14-cv-12166, 2014 WL 2711945, at *2 (E.D. Mich. June 16, 2014). Because such entities cannot appear in court except through an attorney, a pleading filed by the entity "that is not signed by an attorney is treated as unsigned for Rule 11(a) purposes." *Basaran*, 2021 WL 7908557, at *1 (quoting *White v. Smith*, No. 2:09-cv-00574, 2010 WL 795967, at *1 (S.D. Ohio Mar. 2, 2010)). Pursuant to Rule 11(a), courts "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). *See also Basaran*, 2021 WL 7908557, at *1.

In this case, the complaint filed on behalf of the Childhood Trauma Emergency Group is not signed by an attorney. (Doc. 1 at PAGEID 6-7). According to the Ohio Secretary of State, plaintiff is a domestic nonprofit corporation for which Ronald Hummons (spelled without a "d") is the statutory agent.[1] https://bizimage.ohiosos.gov/api/image/pdf/202331401674 (last visited April 25, 2024). No attorney has entered an appearance on behalf of plaintiff Childhood Trauma Emergency Group, even though plaintiff was made aware of the representation requirement in December 2023. Therefore, pursuant to Rule 11(a), the Court must strike plaintiff's complaint and dismiss all claims without prejudice.

Ronald Hummonds has moved to amend the complaint to substitute himself as plaintiff instead of Childhood Trauma Emergency Group. (Doc. 19). However, because Childhood Trauma Emergency Group is unable to speak in federal court except through an attorney, plaintiff cannot move to substitute Ronald Hummonds (or Hummons) on the complaint. Therefore, the motions plaintiff purported to file through Ronald Hummonds must also be stricken.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion for an extension of time to file an amended complaint (Doc. 17) is **STRICKEN.**

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's complaint be stricken and the claims be dismissed without prejudice;

2. The motion to dismiss filed by defendants City of Cincinnati and Cincinnati Police Department (Doc. 8) be **DENIED AS MOOT**;

---

[1] Ronald Hummonds filed motions in this case in which he lists his address as "Childhood Trauma Emergency Group, 3857 Harvey Ave., Cincinnati, Ohio 45229." (Doc. 17 at PAGEID 82 and Doc. 19 at PAGEID 87). Plaintiff's statutory agent is "Ronald Hummons" at "3587 Harvey Ave., Cincinnati, Ohio 45229."

3. Defendant Cincinnati Public Schools' motion to dismiss (Doc. 11) be **DENIED AS MOOT**;

4. Defendant Ohio Department of Education and Workforce's motion to dismiss (Doc. 14) be **DENIED AS MOOT**;

5. Plaintiff's motion to amend its complaint (Doc. 19) be **STRICKEN**.

Date: 4/26/2024

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHILDHOOD TRAUMA EMERGENCY GROUP,<br>    Plaintiff,<br><br>        v.<br><br>CITY OF CINCINNATI, *et al.*,<br>    Defendants. | Case No. 1:23-cv-759<br><br>McFarland, J.<br>Litkovitz, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).